UNITED STATES, Appellant

v

FREDDIE D. BLANTON, Private E–1, U. S. Army, Appellee

7 USCMA 664, 23 CMR 128

No. 9499

Decided March 15, 1957

*First Lieutenant William K. Davenport* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton, Captain Thomas J. Nichols,* and *First Lieutenant Robert L. Spatz.*

*First Lieutenant Jerome H. Gerber* argued the cause for Appellee, Accused. With him on the brief were *Colonel J. M. Pitzer, Lieutenant Colonel James M. Scott,* and *First Lieutenant Bert M. Gross.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Although the accused entered a plea of guilty to a charge of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, a board of review reversed his conviction and dismissed the charge. Pursuant to Article 67(b)(2), The Judge Advocate General of the Army asked this Court to review the correctness of the board of review's decision. The issue raised is whether the enlistment of a person under the statutory age is void so as to preclude trial by court-martial for an offense committed by him while still under such age.

An agreement to enlist in an armed service is often referred to as a contract. However, more than a contractual relationship is established. What is really created is a status. United States v Grimley, 137 US 147, 34 L ed 636, 11 S Ct 54 (1890); United States v Dickenson, 6 USCMA 438, 20 CMR 154. As a result, no useful purpose is served by reviewing the common-law rules of contract and whether the contract of a minor is, under the common law, voidable at his election and in his own time, with or without formal proceedings. The United States Supreme Court has emphasized that the "age at which an infant shall be competent to do any acts or perform any

**665**

duties, military or civil, depends wholly upon the Legislature." Morrissey v Perry, 137 US 157, 34 L ed 644, 11 S Ct 57 (1890). We must, therefore, look to the statutes to determine whether Congress has established a minimum age at which a person is deemed incapable of changing his status to that of a member of the military establishment.

Over the years Congress has passed several statutes on the subject of enlistment. Three statutes ■ provide an appropriate beginning point for the consideration of our problem. These are Revised Statutes, §§ 1116, 1117, and 1118. The first, as amended by Chapter 352, § 4, of the Act of March 2, 1899, 30 Stat 978, provided that recruits enlisting in the Army shall be between the ages of 18 and 35; the second directed that no person under 21 shall be enlisted without the written consent of his parents or guardians; and the third provided that "no minor under the age of 16" years shall be enlisted. The purpose and effect of these three acts were frequently before the Federal courts. In In re Miller, 114 Fed 838 (1902), the Court of Appeals for the Fifth Circuit held that the statutory scheme "peremptorily forbids a minor under the age of 16 from being enlisted." Accord, In re Lawler, 40 Fed 233 (ND Ga) (1889); In re Hearn, 32 Fed 141 (ND Ohio) (1887); In re Davison, 21 Fed 618 (SD NY) (1884). In 1916 Congress enacted the National Defense Act. 39 Stat 186. Section 27 of the Act provided that no person under 18 shall be enlisted without the written consent of his parents or guardian. Nothing in the Act referred to the other provisions of the Revised Statutes. As a result, in Hoskins v Pell, 239 Fed 279 (1917), the Fifth Circuit Court of Appeals reiterated its view that the enlistment of a minor under 16 years of age was void. The Comptroller General of the United States reached the same conclusion. Comptroller General Review No. 5550, October 25, 1923.

Despite the Hoskins case and the other Federal court decisions, The Judge Advocate General of the Army took the position that under the statutes the enlistment of all minors was merely voidable. That same view, with a reservation, however, was expressed in the 1928 and 1949 Manuals for Courts-Martial. Manual for Courts-Martial, U. S. Army, 1928, paragraph 157, page 198; Manual for Courts-Martial, U. S. Army, 1949, paragraph 189, page 269. No reference to the matter is made in the Manual for Courts-Martial, United States, 1951. Moreover, the Army regulations in effect before the commission of the alleged offense which purported to give a commanding officer authority to review the enlistment of a minor under 16 years of age, and, in his discretion, to direct the retention of the minor in the service, or his discharge, had been rescinded. AR 615–362, paragraph 15, July 14, 1947, rescinded by Change 4, August 23, 1948. Cf. AR 615–362, paragraphs 14(2), 19, April 7, 1952. Still, the Government contends that the minimum age requirement is for the benefit of the Government, not the minor, at least insofar as the minor is of the "age of discretion."

In our opinion, the Government's argument is wide of the mark. As the Supreme Court pointed out in the Morrissey case, the question is one of legal competency to effect a change of status. If there were any doubts about the effect of the enlistment statutes in that regard, we think that they were laid to rest by the Supreme Court in United States v Williams, 302 US 46, 82 L ed 39, 58 S Ct 81. There, the court reviewed the nature of the statute pertaining to enlistment in the Navy of a minor over 14,[1] which, except for the difference in age, was substantially similar to the Army provision. It concluded that the statute constitutes a "determination by Congress that minors over 14 have capacity to make contracts for service in the navy." The converse, namely that minors under 14 have no legal capacity to enlist, is clearly implied. Significantly, the court cited In re Davison, supra, in support of this holding. The Davison case construed the Army statutes; it held that the

---

[1] 34 USC 161, repealed by Act of August 10, 1956, 70A Stat 641, and re-enacted as 10 USC § 5532.

"contract of enlistment of a minor under 16 years of age is void." Consequently, had no change been made in the law, the weight of authority would compel the conclusion that minors under 16 years of age had no capacity to enter into the military status by enlistment. However, some statutory changes have been enacted. Those in effect at the accused's enlistment are controlling.

In their informative brief, appellate defense counsel indicate that Revised Statutes, § 1118, which provided that no minors under the age of 16 shall be enlisted, may not have been superseded by later statutes. The statement of law in § 622, of Title 10 (repealed by Act of August 10, 1956, 70A Stat 641, and re-enacted as 10 USC § 3253) seems to indicate a contrary view. We need not, however, pass upon the point. In our opinion, the subsequent statutes have carried on the Congressional purpose of limiting the capacity of certain minors to enlist in the Army. The governing statute is the Act of June 28, 1947, 61 Stat 191, 10 USC § 628 (repealed by the Act of August 10, 1956, and re-enacted as 10 USC § 3256). In material part it provides as follows:

"Effective July 1, 1947, the Secretary of the Army is authorized, notwithstanding the provisions of section 634 of this title, to accept original enlistments in the Regular Army from among qualified male persons not less than seventeen years of age for periods of two, three, four, five, or six years and to accept re-enlistments for periods of three, four, five, or six years: . . . *Provided further*, That no person under the age of eighteen years shall be enlisted without the written consent of his parents or guardian, and the Secretary of the Army shall, upon the application of the parents or guardian of any such person enlisted without their written consent, discharge such person from the military service with pay and with the form of discharge certificate to which the service of such person, after enlistment, shall entitle him. . . ."

It is axiomatic that in determining the meaning of a statute every provision must be given effect. The most striking fact which stands out in the provisions before us is the reference to two different ages. If, as the Government contends, every underage enlistment other than one below the "age of discretion," whatever age that may be, is merely voidable, why the difference? It would seem logical for Congress to have made the two age provisions the same. The difference manifestly indicates a difference in purpose. In the first provision Congress established a minimum age below which a youth is incompetent to acquire military status. Between the ages of 17 and 18 the minor is competent to serve, but his enlistment may be terminated by his parents or guardians, provided they had not consented to it.

Here, the stipulated facts show that the accused was born on June 9, 1936. Consequently, when he enlisted in the Army on March 9, 1951, he was not yet 15 years of age. He allegedly absented himself on June 8, 1952. At that time, he had not reached his 16th birthday. Thus, at no time was he on active duty at an age when he was legally competent to serve in the military. Cf. Ex parte Hubbard, 182 Fed 76 (D Mass) (1910). In sum, the court-martial had no jurisdiction over the accused. Article 85 of the Uniform Code, 10 USC § 885, provides that only a "member of the armed forces" can commit an act of desertion. See United States v Ornelas, 2 USCMA 96, 6 CMR 96. The board of review, therefore was correct in holding that the accused was not subject to military law at the time of the alleged offense.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.