UNITED STATES, Appellee

v

CHARLES REESE, Seaman Recruit, U. S. Navy, Appellant

9 USCMA 205, 25 CMR 467

No. 10,718

Decided April 18, 1958

*Commander Charles Timblin*, USN, and *Lieutenant (jg) Joseph A. Califano, Jr.*, USNR, were on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.*, USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

In the course of its opinion in this case, the board of review reduced the period of confinement and predicated its action upon the youth of the accused—18 years. Thereupon, a motion for reconsideration was filed by the defense. It was alleged therein that upon enlisting, the accused had misrepresented his age. That he was in fact only 15 years old, and, as such, deserved a greater degree of clemency. The board, making no specific finding as to age, denied the motion. We granted the accused's petition to ascertain whether or not his enlistment was con-

sented to by his parents or guardian, and, if not, the effect of such lack of consent upon the enlistment, and thus, upon jurisdiction of the court-martial. See United States v Blanton, 7 USCMA 664, 23 CMR 128.

Appellate defense counsel has construed the enlistment of a minor, without parental consent, as a contract voidable at the option of the parent or guardian. See United States v Reaves, 126 Fed 127 (CA5th Cir) (1903). Consequently, he concedes that the court-martial had jurisdiction. We need not further explore this question, for the parties have submitted evidence establishing the consent of the accused's guardians to his enlistment. Thus, no jurisdictional question is presented.[1]

The final issue upon which the petition was granted concerns the adequacy of the staff legal officer's review. The Government concedes inadequacy. In his review the staff legal officer summarized the charge, pleadings, sentence and evidence. However, no mention of the legal or factual sufficiency of the evidence as to the principal question, the guilt of the accused, was made. The review is materially deficient, and prejudice is apparent. United States v Fields, 9 USCMA 70, 25 CMR 332.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy for submission to a competent reviewing authority for further proceedings under Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861 and 864.

---

[1] At the time of this enlistment 34 USC § 182 was effective. It provided: "Boys between the ages of fourteen and eighteen years may, under such limitations as are contained in sections 161 and 162, be enlisted to serve in the Navy until they shall arrive at the age of twenty-one years." Section 161 provides: "No minor under the age of fourteen years shall be enlisted in the naval service; and minors between the age of fourteen and eighteen years shall not be enlisted for the naval service without the consent of their parents or guardians."