UNITED STATES, Appellant

v

WILLIAM FERGUSON, Private,
U. S. Army, Appellee

17 USCMA 200, 37 CMR 464

*Captain L. Frank Chopin* argued the cause for Appellant, United States. With him on the brief were *Colonel Peter S. Wondolowski* and *Lieutenant Colonel David Rarick.*

*Captain Paul V. Melodia* argued the cause for Appellee, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Lieutenant Colonel Martin S. Drucker.*

## Opinion of the Court

QUINN, Chief Judge:

On January 5, 1951, a general court-martial convicted the accused of housebreaking and larceny, in violation of Article of War 93, 10 USC (1946 ed) § 1565, and sentenced him to a dishonorable discharge, confinement at hard labor for two years, and accessory penalties. Except for a reduction in the period of confinement, the findings and sentence were approved by the convening authority and affirmed as "legally sufficient" by Army Board of Review No. 5. The decision of the board of review was published on March 26, 1951, approximately two months before the effective date of the Uniform Code of Military Justice. On April 5, 1951, the sentence was ordered executed, and the accused was dishonorably discharged.

Sixteen years after his conviction, the accused applied to the Army Board for Correction of Military Records for relief from the dishonorable discharge. The board transferred the application to the Judge Advocate General of the Army, with the request that he review the case. In turn, the Judge Advocate General referred the record of trial to Army Board of Review No. 1, and appointed counsel to represent the accused and the United States. Thereupon, appellate defense counsel filed an assignment of error, alleging in part that the conviction was void because the court-martial did not have jurisdiction over the accused since he was only fifteen years of age when tried. See United States v Blanton, 7 USCMA 664, 23 CMR 128. Government counsel opposed the application. Among other things, counsel contended Board of Review No. 1 could not consider the accused's case because it had originally been before Board of Review No. 5. The Judge Advocate General then reconstituted Board of Review No. 5, and designated as its members the members of Board of Review No. 1. In due course, this board of review considered the matters raised in the accused's pleading, which was recaptioned " 'Motion for Extraordinary Relief.' "

Relying upon the provisions of Article of War 50(e)(1) and (h), 10 USC (1946 ed, Supp II) § 1521,[1] which pro-

---

[1] "(e) . . . Every record of trial by general or special court-martial involving a sentence to dishonorable discharge or bad-conduct discharge, whether such discharges be suspended or not suspended, and every record of trial by general court-martial involving a sentence to confinement in a penitentiary, other than records of trial examination of which is required by paragraph d of this article, shall be examined by the Board of Review which shall take action as follows:

(1) In any case in which the Board of Review holds the record of trial legally sufficient to support the findings of guilty and sentence, and confirming action is not by the Judge Advocate General or the Board of Review deemed necessary, the Judge Advocate General shall transmit the holding to the convening authority, and such holding shall be deemed final and conclusive.

. . . . . . .

**201**

vide for the finality of a conviction by court-martial reviewed by a board of review, Government appellate counsel maintained the accused's conviction had become final when approved by the board of review in 1951, and the board of review had no power in 1967 to take any action in the case, other than to dismiss accused's application for relief. The board of review rejected the Government's basic premise that Article of War 50 barred the accused from attacking the validity of the original decision on a jurisdictional ground. It determined that, since the face of the record established the absence of court-martial jurisdiction, the original appeal was "never perfected." It deemed the Judge Advocate General's resubmission of the record of trial to it as "vesting initial and primary jurisdiction" to review the case; and it treated the accused's application and the Government's reply as "original pleadings." The board of review then held the accused was not subject to trial by court-martial as a minor under the statutory age for service in the armed forces. It withdrew the original decision of affirmance, set aside the findings of guilty and the sentence, and ordered the charges dismissed. Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General forwarded the record of trial to this Court for review of the following certified question:

> Was the board of review correct in setting aside the proceedings, findings and sentence as invalid and ordering the dismissal of the charges?

According to the Government, the accused's application should have been dismissed by the board of review for lack of power to grant relief because the accused's conviction had become final in 1951. On the other hand, appellate defense counsel contend that a judicial tribunal, such as the board of review, has inherent power to vacate a judgment rendered by it which is void on its face, and to correct its own records. See Olivera v Grace, 19 Cal 2d 570, 122 P2d 564, 567 (1942). Government counsel concede that if the accused had sought relief by appropriate proceedings in the Federal civilian courts, he would be entitled to a hearing on the merits. See United States v Tempia, 16 USCMA 629, 37 CMR 249, opinion by Judge Kilday. They maintain, however, that under Article of War 50 no tribunal in the military justice system has power to take similar action in a case such as this. If we accept the Government's basic contention that no appellate tribunal in the military system can act at this time in a case in which the processes of review were fully completed before the effective date of the Uniform Code, then no further review lies in this Court. United States v Sonnenschein, 1 USCMA 64, 1 CMR 64. Consequently, whether the decision by the board of review is right or wrong, we would be constrained to dismiss the Judge Advocate General's certificate for review. And, right or wrong, the board of review's dismissal of the charges against the accused would remain as the last judicial and official action in this case, entitling him to relief from the burdens of the conviction, at least until the Government, adhering to its view of what judicial forums are available to consider the merits, applied to a Federal civilian court and obtained a decision that the

"(h) **Finality of court-martial judgments.** — The appellate review of records of trial provided by this article, the confirming action taken pursuant to articles 48 or 49, the proceedings, findings, and sentences of courts-martial as heretofore or hereafter approved, reviewed, or confirmed as required by the Articles of War and all dismissals and discharges heretofore or hereafter carried into execution pursuant to sentences by courts-martial following approval, review, or confirmation as required by the Articles of War, shall be final and conclusive, and orders publishing the proceedings of courts-martial and all action taken pursuant to such proceedings shall be binding upon all departments, courts, agencies and officers of the United States, subject only to action upon application for a new trial as provided in Article 53."

**202**

board of review acted without jurisdiction and its last decision was, therefore, void and of no legal effect. The Government, however, has not asked us to dismiss the Judge Advocate General's certificate; rather it urges we overturn the board of review's decision. It is apparent, therefore, that the Government regards the case as within the purview of the appellate jurisdiction granted this Court by Article 67 (b) (2) of the Uniform Code.

Article 67 (b) (2) of the Uniform Code confers authority upon this Court to review a case which has been "reviewed by a board of review," and which the Judge Advocate General "orders sent to the Court of Military Appeals for review." The record discloses the presence of these conditions for review. First, after the effective date of the Uniform Code, the Judge Advocate General referred the record of trial to the board of review for review. Secondly, the board of review reviewed the record and decided the issues. Thirdly, the Judge Advocate General, purporting to act by virtue of the authority conferred by Article 67, sent the case to this Court to consider the correctness of the decision of the board of review. Neither the Judge Advocate General of the Army, nor either of the parties, mentions any impediment to review by this Court. Of course, consent of the parties cannot confer jurisdiction over a cause as to which the tribunal has no jurisdiction. See United States v Garcia, 5 USCMA 88, 17 CMR 88. However, mere consent was not the basis upon which the case was reviewed by the board of review, and thereafter referred to this Court.

The board of review was established as an appellate tribunal by the Articles of War. It was continued as such under the Uniform Code. Since this case initially reached the board of review before the effective date of the Uniform Code, the Articles of War necessarily governed its review. United States v Sonnenschein, supra. When the case was referred back to it by the Judge Advocate General, the board of review appropriately noted that its power to act depended upon the Articles of War, not the Uniform Code. It determined the Articles of War did not prevent it from proceeding with the case as on an "original" review. As an interpretation by the board of review of its powers under the Articles of War, rather than under the Uniform Code, we are not inclined, and discern no cogent reason, to reexamine the matter. For purposes of our own jurisdiction, it is sufficient that the board of review reviewed the case on a ground other than mere consent of the parties, and its review was the basis for the Judge Advocate General's certification of the case to this Court. With the record of trial properly before us, we can judge it on its merits.

Government counsel contend that before the decision of this Court in the *Blanton* case, supra, military law provided that an enlistment by a person under the age prescribed by Congress was not void, but only voidable at the Government's election.[2] They interpret the *Blanton* decision as merely effecting a change in decisional law, and, therefore, having no retroactive effect. United States v O'Callahan, 16 USCMA 568, 37 CMR 188. Since, the Government's argument continues, *Blanton* was decided years after the accused was tried, there was jurisdiction to try him. The board of review rejected these contentions. It held that even in 1951, Federal cases determined that no jurisdiction existed to try a person who entered the service under the minimum age prescribed by Congress; and, it concluded, these decisions, not contrary Army rulings, were determinative. Our opinion in *Blanton*

[2] There is an intimation in the record that the accused entered upon active duty, not by enlistment, as in United States v Blanton, 7 USCMA 664, 23 CMR 128, but by federalization of his National Guard unit. The minimum age requirement for service in the National Guard corresponded to that for the Army. 32 USC § 1, Act of June 28, 1947, 61 Stat 192. The rationale of *Blanton* is, therefore, applicable.

supports the board of review. In addition, the Government's argument overlooks the fact that the accused's case was reviewed by the board of review as an "original" appeal. In other words, final review of the accused's case by the board of review was not in 1951, but in 1967, when *Blanton* was, as it still is, in effect.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.