UNITED STATES, Appellee

v

IVAN T. LENOIR, Private, U. S. Marine Corps, Appellant

18 USCMA 387, 40 CMR 99

No. 21,706

June 13, 1969

*Lieutenant Norman A. Wulf*, JAGC, USNR, argued the cause for Appellant, Accused.

*Captain Lester G. Fant, III*, USMCR, argued the cause for Appellee, United States. With him on the brief were *Colonel C. R. Larouche*, USMC, and *Commander Walter F. Brown*, JAGC, USN.

## Opinion of the Court

DARDEN, Judge:

The accused, with the aid of qualified counsel, negotiated a plea of guilty to absence without leave, desertion with intent to shirk important service, and breaking restriction, violations of Articles 86, 85, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 885, and 934, respectively. In accordance with the terms of the pretrial agreement, the convening authority limited punishment to a bad-conduct discharge, total forfeitures, and confinement at hard labor for fifteen months. A board of review affirmed the findings and sentence as reduced. The sole issue before this Court is whether the court-martial had jurisdiction over the accused.

This question arose because of an unsworn statement in mitigation given to the court by defense counsel in behalf of Lenoir. In his presentation, counsel described the accused as a product of a rejected home life, unwanted by his parents. In short, the accused was turned from the home. According to counsel, on September 2, 1966, the mother enlisted accused in the Marine Corps by the expedient of using a birth certificate belonging to an older brother. At the time of enlistment, the accused was sixteen years of age—he was born December 12, 1949. The offenses here charged thus occurred during his seventeenth and eighteenth years. "National law," declared counsel, "does not allow a 17-year-old to join the armed forces, even with the consent of his parents." Under the law applicable to this case, we find his declaration to be in error.

On September 2, 1966, the law allowed the enlistment in the naval service of a male person "at least 14 . . . if he has the consent of his parents or

guardian."[1] The requirement of consent was designed to protect the parents, for minors over fourteen had the capacity to contract for naval service.[2] United States v Reese, 9 USCMA 205, 25 CMR 467; United States v Williams, 302 US 46, 82 L Ed 39, 58 S Ct 81 (1937); United States v Bean, 13 USCMA 203, 32 CMR 203. This statute continued in effect until repealed and superseded by 10 USC § 505, which provides that any male not less than seventeen but under eighteen years of age may enlist with the written consent of his parent or guardian.[3] These, too, were the terms of Marine Corps regulations in force at the time of this enlistment.[4]

Whether the later statutory provision or the Marine Corps regulation determines the outcome of this case is settled by this Court's opinion in United States v Blanton, 7 USCMA 664, 665–666, 23 CMR 128. There, Chief Judge Quinn, speaking for a unanimous Court, said:

". . . The United States Supreme Court has emphasized that the 'age at which an infant shall be competent to do any acts or perform any duties, military or civil, depends wholly upon the Legislature.' Morrissey v Perry, 137 US 157, 34 L Ed 644, 11 S Ct 57 (1890). We must, therefore, look to the statutes to determine whether Congress has established a minimum age at which a person is deemed incapable of changing his status to that of a member of the military establishment." [See also United States v Reese and United States v Williams, both supra.]

Additionally, the *Blanton* opinion, at page 667, makes it clear that the statutory provision *in being at the time of enlistment* controls the jurisdictional question.

One portion of appellate defense argument on the asserted lack of jurisdiction in this case includes the contention that accused was forced into the service by the "duress" of his parent. Giving face value to defense counsel's trial narrative, we find parental consent to the enlistment undeniable. And one probably should not dispute the contention that the accused had an unhappy home life. But there is no evidentiary support for the contention that his enlistment in the Marine Corps was against his will.

Many young men who feel unwanted or rejected at home view the armed forces as an attractive alternative. Indeed, this reaction has occurred so frequently that steps have been taken by service representatives to reduce the possibility of fraudulent enlistments.[5] The accused, who is now almost twenty years old, did not protest the circumstances of his enlistment before he faced military discipline. The offenses with which he was charged occurred while the accused was assigned to a staging battalion in preparation for Vietnam service. At trial the va-

---

[1] 10 USC § 5533. "**Minors** (a) A male person at least 14 and under 18 years of age may be enlisted in the naval service if he has the consent of his parents or guardian." August 10, 1956, chapter 1041, 70A Stat 318.

[2] Naval service includes service in the U. S. Marine Corps. 10 USC § 5001. August 10, 1956, chapter 1041, 70A Stat 276.

[3] 10 USC § 505. "**Regular components: qualifications, term, grade** (a) The Secretary concerned may accept original enlistments in the Regular Army, Regular Navy, Regular Air Force, Regular Marine Corps, or Regular Coast Guard, as the case may be, of qualified, effective, and able-bodied persons who are not less than seven-

teen years of age in the case of male persons and not less than eighteen years of age in the case of female persons, nor more than thirty-five years of age. However, no male person under eighteen years of age, or female person under twenty-one years of age, may be originally enlisted without the written consent of his parent or guardian, if he has a parent or guardian entitled to his custody and control." Added Public Law 90–235, § 2 (a)(1)(B), January 2, 1968, 81 Stat 754.

[4] Figure 2–2, change 8, March 3, 1965, section 2002, Marine Corps Personnel Manual.

[5] Cf. Bureau of Naval Personnel Manual, section 10309.

lidity of his enlistment was never questioned. Despite our compassion for young persons who may have been reared in adverse circumstances, we must base a decision on whether an enlistment was lawful on other grounds.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):

I concur.

If this accused had been personally interrogated by the law officer at the time he entered his plea in the manner required by United States v Chancelor, 16 USCMA 297, 36 CMR 453, and United States v McCarthy, 349 US 459, 22 L Ed 2d 418, 89 S Ct 1166 (1969), this case might not now be before us. If an accused has a defense to the charges and specifications that is the time to raise it and not before appellate authorities, who can only guess what are the real facts.

I do not understand the seeming reluctance of law officers and presidents of special courts-martial to follow the simple procedures established in *Chancelor* and *McCarthy*. They require no great effort and when properly conducted the need to consider the providence of the guilty plea at the appellate level is greatly obviated and the ends of justice considerably enhanced. As the majority of this Court said in *Chancelor,* at page 300:

". . . The procedure so cogently outlined in House Report No. 491, . . . [81st Congress, First Session, page 23] ' "insures providence upon the record and gives the lie to . . . later claims of impropriety." ' United States v Richardson, . . . [15 USCMA 400, 35 CMR 372]."