UNITED STATES, Appellee

v

ROBERT R. GRAHAM, Private, U. S. Army, Appellant

22 USCMA 75, 46 CMR 75

No. 25,513

December 22, 1972

*Captain J. Vincent Aprile, II,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain John D. Lanoue.*

*Captain Richard A. Karre* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Glenn A. Bonard.*

### Opinion of the Court

DARDEN, Chief Judge:

The question before the Court is whether the general court-martial that tried accused lacked jurisdiction to do so in view of the contention that his enlistment was void from its inception.[1]

---

[1] The accused was convicted of three counts of absence without leave involving various periods between Sep-

On September 12, 1968, Private Robert R. Graham enlisted in the Army at the age of 16. In February 1969, he received orders transferring him to Vietnam from Fort Huachuca, Arizona. He informed his personnel officer of his true age, but the latter refused to believe him. The officer advised him that he would have to comply with his orders.

Subsequently, the accused went to his home in Chicago, Illinois, on leave. There he explained the situation to his mother, who consulted her alderman. As a result, the accused's orders were deferred on the ground that he had a brother who was already serving in Vietnam.

On approximately February 23, 1969, the accused was apprehended by military police at his home and delivered to Fort Sheridan, Illinois. Again, he informed the military authorities of his age but was told to take the subject up on his arrival in Vietnam.

On March 6, 1969, the accused arrived at Bien Hoa, Vietnam. He once more made an issue of his age to authorities who promised to see what they could do. In the meantime, the accused's mother contacted her congressman to see if her son could be released from the Army.

On May 28, the accused's 17th birthday, a noncommissioned officer having responsibility for personnel administration informed him that he was to be transferred to Korea because two brothers were not allowed to serve in a combat zone at the same time. The accused discussed the question of his age with this noncommissioned officer, who informed him "that since that day was my [17th] birthday, that it wasn't too much they could do about it."

The accused proceeded to Korea where, in June or July, he once more brought up his age, but, again, nothing was done. On September 11, 1969, he absented himself without leave.

The Government concedes the accused's enlistment was initially void for underage but contends that, during the period from his 17th birthday until he absented himself without leave, he constructively enlisted in the Army and thus subjected himself to military jurisdiction.

■ The minimum enlistment age for the United States Army is 17, provided there is parental consent to the enlistment. Otherwise, the minimum age is 18. Section 3256, Title 10, United States Code. In United States v Blanton, 7 USCMA 664, 23 CMR 128 (1957), we held since "Congress established a minimum age below which a youth is incompetent to acquire military status" that a "court-martial had no jurisdiction over the accused" because he had never been "on active duty at an age when he was legally competent to serve in the military." United States v Blanton, supra, at 667, 23 CMR at 131. However, once an enlistee passes the statutory minimum enlistment age, the Government may show that he has effected a change in status in the nature of "an implied, or 'constructive,' enlistment." United States v Overton, 9 USCMA 684, 688, 26 CMR 464, 468 (1958). Such a constructive enlistment could not be found in Overton because the accused there contended "his continuation in the service was not absolute but contingent upon correction of the record, a condition which was not fulfilled at the time he committed the offense for which he was convicted." United States v Overton, supra, at 688, 26 CMR at 468. What is crucial to a constructive enlistment therefore is the intention of the enlisted person to be a member of the military service once he has passed the statutory minimum enlisted age.

■ In no way is Private Graham shown to have served voluntarily after passing his 17th birthday. The uncontested evidence shows that at every station he protested his insufficient

tember 11, 1969, and November 14, 1969. He was sentenced to a bad-conduct discharge, forfeiture of $100 per month for 5 months, and confinement at hard labor for 5 months.

age and sought his release from military service. Yet, at every step, the response was either that his statements were false or that he should undertake the necessary action at his next station. At trial, the military judge specially found that the accused received military benefits while serving in Korea during the period in question. There is some evidence to support that finding, in that accused stated he received pay and apparently ate in an Army mess hall or at a service snack bar. But he did so in an overseas area and only after having questioned his eligibility to serve at every point from Fort Huachuca to Korea itself. Under the circumstances of this case, we conclude that the acceptance by the accused of some of the benefits of military service did not negate his protestations against continued service. See United States v Graves, 39 CMR 438 (ABR 1968).

Jurisdiction over the person is "not a matter lightly to be presumed, and must be shown clearly." United States v Garcia, 5 USCMA 88, 95, 17 CMR 88, 95 (1954). The accused's testimony as to his efforts and ultimate acquiescence in the Army's failure to act on his request for relief stand unrebutted in this record. If he "changed his status after his seventeenth birthday, that fact has to be shown." United States v Overton, supra, at 688, 26 CMR at 468. Here, the record shows no voluntary action on his part that caused him to become a member of the Army. In consequence, no jurisdiction existed to try him by court-martial.

The decision of the Court of Military Review is reversed, and the findings of guilty and sentence are set aside. Charge I and its specifications and Additional Charge I and its specification are ordered dismissed.

Judges QUINN and DUNCAN concur.