UNITED STATES, Appellee

v

JOHN P. BROWN, Private, U. S. Army, Appellant

No. 27,760

June 28, 1974

*Captain Ward Mundy* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain T. Barry Kingham.*

*Captain David A. Schlueter* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Richard A. Karre.*

## OPINION OF THE COURT

Duncan, Chief Judge:

Appellant was convicted of attempted robbery, robbery, and assault and battery in violation of Articles 80, 122, and 128, Uniform Code of Military Justice, 10 USC §§ 880, 922, and 928. He was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for 3 years. Along with the findings, the sentence, as approved by the convening authority, was affirmed by the Court of Military Review.

Appellant points to his enlistment in the Army at age 16 and urges reversal on the basis that the court-martial lacked jurisdiction over him as his enlistment was void. The Government concedes that appellant's minority enlistment was void, United States v Blanton, 7 USCMA 664, 23 CMR 128 (1957), but argues that appellant constructively enlisted after reaching age 17. United States v Overton, 9 USCMA 684, 26 CMR 464 (1958). To this, the appellant replies that, under the circumstances of this case, the Government should be estopped from asserting a constructive enlistment existed. We agree with appellant and reverse.

Although most of the facts have been presented by competing affidavits,[1] it is undisputed that appellant enlisted in the Army in August 1972 at age 16 at Boston, Massachusetts. Appellant presented a birth certificate which showed that he was born on October 14, 1954, although his actual date of birth was 1 year later. Appellant obtained this birth certificate by bribing an official in Worcester, Massachusetts. At the recruiting station, appellant was given a DD Form 373, "Consent, Declaration of Parent or Legal Guardian," by a recruiting officer, Sergeant McCants, who instructed him to have the form completed by obtaining his parents' signatures.[2] When appellant returned the form, after forging his father's signature, Sergeant McCants signed it as "Witnessing Official" and as "Recruiter."

On August 25, 1972, appellant was sent to basic training at Fort Dix, New Jersey, where he was advised that his parental consent forms were missing. After referring the authorities to the recruiting station in Boston, appellant states that he heard nothing further concerning the missing forms. During the second week of basic training, appellant states that he informed his company commander, Captain Blaney, that he had enlisted fraudulently. He also states that he told Captain Blaney his parents did not know his whereabouts and that he did not wish to remain in the Army. According to appellant, Captain Blaney told him that he called his parents and that they had consented to his being in the Army. However, when appellant called his parents the next day, they denied that Captain Blaney had contacted them.

Captain Blaney and Sergeant Musgray, appellant's platoon sergeant, aver that appellant informed them he enlisted fraudulently; that he had parental permission; that he would be 17 years of age within a few weeks; and that he wanted to remain in the Army. Captain Blaney denies contacting appellant's parents and denies telling appellant that he had done so. After learning appellant's age, Blaney asserts that he told Brown to obtain a valid birth certificate in order that his personnel records could be corrected.

Shortly after appellant's 17th birthday, he was sent to Fort Sam Houston, Texas, for advanced individual training. Appellant states in his affidavit that he informed his new company commander, Captain Seremet, that he became a minority enlistee by means of a false birth certificate and that he did not wish to

---

[1] The issue of jurisdiction over the person of appellant was raised first at the Court of Military Review. Apparently both parties agreed to allow that court to find the facts concerning this issue from the affidavits filed.

[2] This document contains the following language, in part, as follows:

I certify that the applicant's birth date as shown on this form is correct.

I thoroughly understand that I have consented to his enlistment in the service or component of the U. S. Armed Forces indicated above for the period of *Physical Only*.

remain in the service. He stated that the captain requested that he obtain a valid birth certificate, which he subsequently obtained from his father. Conversely, Captain Seremet denies that the appellant approached him in this regard and states that he was completely unaware of appellant's minority enlistment and that he never received appellant's birth certificate.

On December 11, 1972, appellant was arrested and charged with the offenses of which he was convicted at trial on December 28, 1972. Before trial and after appellant's arrest, his father contacted a major at Headquarters, Fort Sam Houston, and told him that appellant did not have his permission to be in the Army. He further states that he was never advised he could obtain his son's release from the Army by objecting to his enlistment.

Based on the conflicting affidavits, the Court of Military Review made the following findings of fact:

a. the appellant was born on 14 October 1955 and was, therefore, less than 17 years of age when he enlisted on 25 August 1972;

b. the appellant enlisted without parental consent;

c. the appellant revealed his minority status to Musgray and Blaney in September 1972 but informed them that he had parental consent to enlist and that he desired to remain in the Army;

d. the appellant's father was aware of the appellant's status from September 1972 but made no effort to secure his release from the Army prior to the preferral of charges in the case *sub judice;*

e. the appellant did not bring his status to the attention of Seremet;

f. the appellant accepted all normal benefits due to a member of the Army, including pay and subsistence, and performed all duties without protest during the period between 28 October 1972 and the preferral of charges on 12 December 1972; and

g. the appellant considered himself to be a member of the Army at all times prior to the preferral of charges.

United States v Brown, 47 CMR 748, 750 (1973).

■ The minimum statutory enlistment age for the Army is 17, provided there is parental consent; otherwise, the minimum age is 18. 10 USC § 3256. Accordingly, an individual under the age of 17 is statutorily incompetent to acquire military status, United States v Blanton, supra, but the Government ordinarily may show a constructive enlistment where such a minor enlists but continues to serve after passing the minimum statutory age. United States v Graham, 22 USCMA 75, 46 CMR 75 (1972); United States v Overton, supra.

It is clear that appellant's enlistment at age 16 was void and that there was no parental consent. The issue, then, is whether there was a constructive enlistment after appellant reached age 17.

The first thrust of appellant's argument is that the Government should be estopped to assert jurisdiction over him as an agent of the Government acted improperly in the process of enlistment. After appellant presented the false birth certificate and driver's license, Sergeant McCants gave him a DD Form 373 and instructed him to obtain his parents' signatures. Army regulations require that parental signatures on DD Form 373 must be either notarized or witnessed by the recruiting officer. AR 601-210, C 6 (May 29, 1970) reads, in pertinent part, as follows:

4–8. Parental consent. Men who have not yet reached their 18th birthday . . . at the time of enlistment must obtain the written consent of their parents or legal guardian. Enlistment is not authorized if either parent objects. The DD Form 373 (Consent, Declaration of Parent or Legal Guardian) will be utilized for the purpose of obtaining written consent. . . . .

. . . . .

b. The DD Form 373 will be notarized or, in lieu thereof, the signature of the parent(s) or legal guardian will be witnessed by a commissioned, warrant, or

non-commissioned recruiting officer. The recruiter will verify all entries on the form and after examination of any supporting data, birth certificates, etc., will sign the form in the remarks item.

Sergeant McCants failed to comply with the above regulation by signing the form without having witnessed the signature of appellant's father or requiring that it be notarized. The Army has been held to strict compliance with its own regulations before jurisdiction may be asserted at a court-martial. United States v Kilbreth, 22 USCMA 390, 47 CMR 327 (1973). The Government contends that the DD Form 373 in this case was to be used for a physical examination only, but they concede that there is no evidence that any proper parental consent forms were used.

Next appellant defense counsel press their estoppel theory on the basis of the Army's failure to act to separate the appellant after notice of his fraudulent enlistment. Chapter 7, AR 635-200, C 33 (February 8, 1972), sets forth the procedures for the separation of enlisted personnel by reason of minority. Paragraph 7-5 is, in part, as follows:

> Criteria. *a.* Male members *will* be released from military control by reason of a void enlistment or induction as follows:
>
> (1) If the member enlisted or volunteered for induction while under 17 years of age and has not attained that age upon receipt of satisfactory proof of date of birth. (Emphasis in original.)

Pointing to the language of paragraph 7-5*a*(1), the Government contends that the burden is on the minor enlistee to come forward with the necessary proof. However, examination of the language does not indicate whether the burden is cast on the appellant or on the Army. While we do not believe that the entire burden should rest with the Government, we do feel that the Army has a duty to act reasonably under the circumstances. We find that the inaction of Captain Blaney, his willingness to avoid all responsibility and to lay the entire matter on the shoulders of the 16-year-old appellant, does not satisfy the Government's duty to act reasonably.

The proscription of the law is that there should not be 16-year-old persons in the Army. This age barrier is not to be negotiated by the wishes of the enlistee or his superiors. Upon notice to a company commander that a member of his command is 16 years of age, he has the responsibility to make inquiry to determine the enlistee's true age. If in the passage of time that is required to verify the correct age, the service member reaches age 17 and continues to receive benefits of service, a constructive enlistment does not arise. An opposite conclusion would give encouragement to those who would attempt fraudulently to enlist at age 16, as well as to the recruiting of such persons in the hope that, if everyone keeps silent, the fraudulent enlistment will soon mature into a constructive enlistment.

Herein, the company commander failed to act after receiving notice of appellant's age. There is no reason to doubt the good faith of the officer whom the appellant notified of his age. However, accused's wishes to stay in service should have had no influence upon his duty to act. We cannot expect a person, who is considered too young to be able to perform the duties of a soldier, without guidance to respond to the dictates of a regulation which he apparently did not know about. The responsibility for this guidance rests upon the Army.

Additionally, proper and lawful recruiting practices by agents of the Government could have averted the enlistment as well as this litigation. Combining the acts attributable to the Government, fairness prevents it from resting on a constructive enlistment as a jurisdictional base. *Cf.* United States v Catlow, 23 USCMA —, 48 CMR — (June 21, 1974).

The decision of the Court of Military Review is reversed and the findings of guilty and sentence are set aside. The charges are ordered dismissed.

Judge QUINN and Senior Judge FERGUSON concur.