LT Patrick A. Fayle, JAGC, USN, LT Steven D. Moore, JAGC, USNR, Appellate Government Counsels.

## UNITED STATES

### v.

**Rickey MARSHALL, 488 62 3889, Private E-1, U.S. Marine Corps.**

### NCM 76 2571.

U. S. Navy Court of Military Review.

31 March 1977.

Before MURRAY, MALLERY and GREGORY, JJ.

MURRAY, Senior Judge:

The appellant sets forth several assignments of error in appeal of his conviction by special court-martial. Our disposition of the assignments of error dealing with the question of jurisdiction over the appellant renders unnecessary our discussion of any of the other assignments.

At trial, the appellant moved for dismissal of all charges and specifications for lack of personal jurisdiction over him, on the basis that his enlistment was void due to recruiter misconduct. In support of his motion, the appellant presented evidence that he was recruited contrary to Marine Corps Regulations which (at that time) permitted no waivers for enlistment of applicants who admitted to prior drug usage.

The evidence presented by the appellant and the evidence presented by the government to rebut the appellant's contentions

---

leave a question in the record as to whether or not the appellant entered into an invalid enlistment at the time that he signed his enlistment papers due to recruiter misconduct. There is persuasive evidence on both sides of the question, but this particular case is compounded by an additional scenario not usually found in fraudulent enlistment cases. As a result of this additional factual circumstance, it is not necessary to decide whether or not the appellant's disqualification for valid enlistment due to prior drug use was known to the recruiter precisely at the time of appellant's void enlistment, since the Marine Corps was put on timely notice of such disqualification within a reasonable time thereafter so as to require the Marine Corps to take appropriate steps to terminate appellant's "relationship" at that time.

In its initial brief to this Court, the defense argued that appellant had disclosed his prior use of marijuana to the recruiter at the time of his enlistment in St. Louis, which disclosure disqualified him, *per se,* from entering into a valid enlistment. The government's position was that such disclosure did not occur until a week later at boot camp at Parris Island. While not conceding this latter fact, the appellant assumes *arguendo,* pursuant to the Order of this Court for additional briefs, that disclosure may not have occurred at the initial enlistment, but rather at Parris Island.

The evidence establishes that a week after the initial "enlistment", appellant reported to boot camp at Parris Island, S. C. Two days later he was assigned to Platoon 364. A clerk in the Recruit Training Regiment, a government agent, entered the platoon assignment on DD Form 398, Statement of Personal History (Defense Exhibit A). Appellant informed the clerk that he used marijuana frequently since September 1971 until "the present" (26 July 1973), and the clerk entered the following in block 18 of DD Form 398 (Defense Exhibit A):

Pvt states he's used marijuana frequently since Sep 71 till Present in Berkley & St. Louis, Mo.[1]

Prior to his interview with the clerk at Parris Island, the appellant had undergone no formal training, had rendered no service to the United States Marine Corps, was merely in a casual status awaiting formal training, and had not received pay or other benefits for service. There is no evidence that, through the clerk or otherwise, the disqualifying information was brought to the attention of a person competent to act further on it. In any event, no action of any sort, including administrative discharge action, was taken and appellant continued service until these court-martial proceedings.

In view of this additional factual circumstance, the appellant expands his challenge to jurisdiction due to recruiter misconduct to include the following assignment of error:[2]

THE GOVERNMENT WAS CHARGEABLE WITH NOTICE OF APPELLANT'S WRONGFUL USE OF MARIJUANA WHICH WAS DISCLOSED AFTER ENLISTMENT BUT PRIOR TO ACTUAL SERVICE, AND WAS OBLIGATED UNDER ITS OWN REGULATIONS TO ADMINISTRATIVELY DISCHARGE APPELLANT UPON SUCH NOTICE. FAILURE TO DO SO VOIDS THE ENLISTMENT AND DEFEATS JURISDICTION OVER APPELLANT'S PERSON, AND PRECLUDES GOVERNMENTAL RELIANCE ON THE THEORY OF CONSTRUCTIVE ENLISTMENT. *UNITED STATES V. BROWN,* 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974); MPPM, MCO P1100.61C, PAR. 2110.1W; MARCORSEPMAN, MCO P1900.16, PAR. 6018.

In *United States v. Brown,* 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974), the appellant in that case presented himself at the Boston

---

1. A comparison of the handwriting of the clerk on other portions of the DD Form 398 clearly reflects that the same person who made the entry in block 18 made the entry in block 8, the assignment block.

2. Appellant's additional assignment of error is in response to an order of this Court for additional briefs on the issue.

Army Recruiting Station for enlistment. Although he was below the age required for enlistment under Army Regulations, he presented a falsified birth certificate showing an acceptable age and forged parental consent. Later that month, appellant was sent to basic training at Fort Dix. There, for the first time, during the second week of basic training, appellant informed his company commander and platoon sergeant that he had enlisted fraudulently. The authorities told appellant to obtain a valid birth certificate, but did nothing more. After appellant's seventeenth birthday, he was sent to Fort Sam Houston, Texas, for advanced training. There, he informed his new company commander of his fraudulent enlistment. During this period, appellant received all normal benefits due a service member, performed military duties without protest, and considered himself to be a service member. At trial on robbery and assault charges, the appellant asserted that the court lacked jurisdiction over him as his enlistment was void, and that the government was equitably estopped from relying on the theory of constructive enlistment. The High Court agreed, and held that, under Army Regulations, an underage enlistment was void.

In the instant case, Marine Corps Regulations similarly provided that an enlistment by a marijuana user was (at that time) void. MARINE CORPS PERSONNEL PROCUREMENT MANUAL, MCO P1100.61C, paragraph 2110.1W, in effect in July 1973, stated:

> No applicant who admits to ever using or being involved in abuse of LSD, marijuana, opiates, peyote, sniffing glue or using any other hallucinogen, hypnotics, stimulants or the other known harmful or habit-forming drugs and/or chemicals will be accepted for enlistment. No waivers will be granted.

A message from the Commandant of the Marine Corps, CMC WASHINGTON DC MSG 132123Z SEP 74, later modified that paragraph to allow enlistment of some preservice drug users, but only with specific prior approval of the Commandant and granting of a waiver. Any changes subsequent to July 1973 are irrelevant, however, to the case *sub judice.* Appellant's enlistment was of questionable validity at that time due to the disqualifying factor of preservice drug usage.

In *Brown, supra,* notice of appellant's fraudulent enlistment was received by an Army captain and a sergeant. In the case *sub judice,* notice of appellant's fraudulent enlistment was received by a clerk at boot camp. In both cases, notice was given that disqualifying factors may have been concealed at the time of enlistment, and those factors were then revealed. The appellant correctly asserts that notice is deemed to be received by one who reasonably has a duty to act on that notice.

In the *Brown* case, the High Court pointed out the affirmative duty to act by those in a position of authority over the enlistee. The government in the instant case would have this Court believe that the clerk—the government agent who received the notice of disqualification—was under no obligation to act because the "clerk" was not in "a position of authority or responsibility." Such a contention evinces an obvious lack of knowledge of the workings and hierarchy of the Marine Corps Recruit Commands. In any event, the government's agent, the clerk who was fully apprised of appellant's disqualification pursuant to Marine Corps Regulations, took no action except to enter that information on DD Form 398. Although put on notice of the appellant's potentially fraudulent enlistment, he did not inform his superiors. We find that it is unreasonable that the disqualifying information, made an integral part of appellant's service record, was not acted upon when it came to the attention of the Marine Corps. The duty was on the clerk to act on the disqualifying information, and, if nothing else, report it to his superiors. Such duty is imposed not only by case law, i.e. *Brown,* but by Naval Regulations which prohibit failure to report violations of the code, including fraudulent enlistment. Even if the clerk acted in good faith, which is questionable, the resultant inaction does not satisfy the government's burden to act. The notice

was received before appellant had rendered any real service, undergone any formal training, or received pay or other benefits. The instant case is even stronger than the *Brown* case in that the disqualifying information was revealed much earlier in appellant's service.

A specific duty incumbent upon the government in such cases is spelled out in MARINE CORPS SEPARATION AND RETIREMENT MANUAL, MCO P1900.16, paragraph 6018, which provides in pertinent part:

1. The Commandant of the Marine Corps and all Marine Commanders exercising general-court martial jurisdiction may authorize or direct . . . the discharge of members by reason of misconduct . . ..
2. The commanding officer or officer in charge shall make a report of suspected or apparent misconduct by a member for . . .

    b. Procurement of a fraudulent enlistment induction or period of active service through any deliberate material misrepresentation including the omission or concealment of facts which, if known at the time thereof, would have reasonably been expected to have precluded, postponed, or otherwise affected the member's eligibility for enlistment or induction.

In *Brown, supra,* the government argued that appellant's continuing receipt of the benefits of service gave rise to a constructive enlistment upon his reaching the required age. As a matter of equity, the Court held that the government's failure to bear its burden and exercise its duty with respect to mandatory processing of appellant, after being put on notice of the fraudulent enlistment, precluded reliance on that doctrine:

> If in the passage of time that is required to verify the correct age, the service member reaches age 17 and continues to receive benefits of service, a constructive enlistment does not arise. An opposite conclusion would give encouragement to those who would attempt fraudulently to enlist at age 16, as well as to the recruiting of such persons in the hope that, if everyone keeps silent, the fraudulent enlistment will soon mature into a constructive enlistment.

In the case *sub judice,* in the same vein, should this Court apply the doctrine of constructive enlistment, recruits would be encouraged to conceal disqualifying information and superiors would be encouraged to ignore the information when it came to their attention one way or another, in the hope that with the passage of time the enlistment would mature. This we decline to do, since this would tend to subvert the basic policy of keeping drug abusers and other undesirables out of the military service in the first place and flies in the face of Marine Corps Regulations requiring that, once discovered, such persons be discharged from military service.

While there may or may not have been recruiter misconduct in this case in the first instance, there is no question that the government was put on timely notice of the appellant's disqualification for service under Marine Corps regulations for which no waivers were permitted at that time. Nor is there any question that the appellant had not rendered any substantial service or received any benefits relating to his status at the time of such notice. Failing in its affirmative duty to act upon such notice, the government cannot now invoke a theory of constructive enlistment. *United States v. Brown, supra.*

Accordingly, we find a failure of jurisdiction over the person of the appellant in this instance. The findings and sentence are set aside and the charges dismissed.

Judge MALLERY and Judge GREGORY concur.