**UNITED STATES**

v.

**Steve A. GUZMAN, 548 13 8545, Private (E–1), U. S. Marine Corps.**

**NCM 77 0414.**

U. S. Navy Court of Military Review.

6 June 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LCDR N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

Before MURRAY, Senior Judge, MALLERY and GREGORY, Judges.

MALLERY, Judge:

At a special court-martial bench trial, appellant was convicted, consonant with his pleas, of two specifications of unauthorized absence and one specification of obstruction of justice and, contrary to his pleas, of three additional specifications of unauthorized absence and one specification of possession of marijuana in disobedience of a lawful general regulation. He was sentenced to a bad conduct discharge, confinement at hard labor for 75 days, and forfeiture of $100.00 pay per month for three months. The convening authority approved the findings and sentence. The supervisory authority disapproved the finding of guilty of one of the unauthorized absences but approved all the other findings of guilty and the sentence.

Now, appellant assigns the following errors:

I. THE RECORD OF TRIAL FAILS TO ESTABLISH BEYOND REASONABLE DOUBT THAT APPELLANT'S REPEATED UNAUTHORIZED ABSENCES AS ALLEGED AT SPECIFICATIONS 3 AND 4 OF CHARGE I, WERE NOT THE RESULT OF DURESS.

II. THE MILITARY JUDGE ERRED PREJUDICING APPELLANT'S SUBSTANTIAL RIGHTS BY ALLOWING INTO EVIDENCE THE FRUITS OF AN ILLEGAL SEARCH AND SEIZURE.

III. THE RECORD FAILS TO ESTABLISH BEYOND REASONABLE DOUBT THAT APPELLANT KNOWINGLY AND CONSCIOUSLY POSSESSED THE CONTRABAND MARIJUANA.

IV. THE STAFF JUDGE ADVOCATE'S POST–TRIAL REVIEW MISSTATES THE REVIEWING

AUTHORITY'S RESPONSIBILITY CONCERNING THOSE OFFENSES TO WHICH APPELLANT PLEADED GUILTY.

V. A SENTENCE INCLUDING A BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

We will discuss said assignments *seriatim*.

I.

On 6 May 1976, prior to the unauthorized absence alleged in Specification 3 of Charge I, appellant had suffered an injury necessitating the placement of seven sutures over his left eye. As a result of this injury, the medical authorities had issued him a "light duty chit." The next day, on 7 May 1976, when appellant reported to work in the mess hall he showed the light duty chit to his immediate supervisor. The immediate supervisor, a corporal, despite the chit, apparently ordered appellant to work in the "pot shack," an area where large pots and pans were washed and where the ambient temperature exceeded 100 degrees F. Fearing further injury but without appealing the corporal's decision to higher authority, appellant absented himself without authority and remained absent until 13 May 1976. The corporal's actions, if they occurred as alleged, were reprehensible and it was entirely reasonable for appellant to have anticipated some aggravation to his injury. However, we cannot possibly infer that appellant could have reasonably feared that *immediate* death or serious bodily injury would occur as a result of his working in the pot shack.

Prior to the unauthorized absence alleged in Specification 4 of Charge I, it appears that appellant's commanding officer caused him to be forcibly evicted from his off-post residence. We need not discuss the commanding officer's actions. We need only state that those actions, if they occurred as alleged, were illegal and highly reprehensible. As a result of such actions, it appears that appellant absented himself without authority from 29 May through 8 June 1976. It is not possible to infer that appellant could reasonably have feared that *immedi-*ate death or serious bodily injury would occur as a result of the alleged actions of his commanding officer if appellant had remained on duty.

■ Appellant argues that the circumstances set forth above constitute duress and serve as an affirmative defense to the two offenses alleged. We disagree. The affirmative defense of duress is described in paragraph 216f, *Manual for Courts-Martial, United States, 1969* (Revised edition), as follows:

. . . Except when he kills an innocent person, a person cannot properly be convicted for committing an act for which he would otherwise be criminally responsible if his participation in it is caused by the degree of coercion or duress recognized in law as a defense. This degree of coercion or duress is a reasonably grounded fear on the part of the actor that he would be immediately killed or would immediately suffer serious bodily injury if he did not commit the act. *The fear compelling the act must be of immediate death or serious bodily injury and not of an injury in the future or of an injury to reputation or property.* The threat must continue throughout the perpetration of the act. If the accused has a reasonable opportunity to avoid committing the act without subjecting himself to the threatened danger, his act is not excusable. [Emphasis added.]

It is apparent that the circumstances which appellant has outlined are merely extenuating circumstances. They do not constitute duress and do not serve as affirmative defenses to the offenses of which appellant stands convicted. Assignment of Error I is without merit.

II and III.

■ Appellant was properly required to stop at the main gate to Camp Pendleton while entering the base in his automobile because said vehicle did not have a base vehicle registration decal. The sentry, while examining appellant's armed forces identification card, ". . . noticed . . . on the front console ashtray two

hand rolled cigarettes crimped at both ends, which . . . [the sentry] . . . suspected of . . . [containing] . . marijuana." The sentry did not detect the odor of marijuana nor is there any evidence that he could see the contents of the cigarettes. However, the sentry immediately placed appellant under apprehension and seized said cigarettes. It was later determined that they did, in fact, contain marijuana. Appellant argues, *inter alia*, that the sentry did not have probable cause to apprehend appellant or seize the cigarettes. We agree.

The issue is whether or not a reasonable person, in the position of the sentry, should have inferred that the hand rolled cigarettes probably contained marijuana. Many years ago when the use of hand rolled tobacco cigarettes was common and the use of marijuana was uncommon, circumstances similar to the ones in the case, *sub judice*, could not possibly have lead a reasonable man to conclude that the cigarettes probably contained marijuana. On the other hand, in an environment where the use of hand rolled tobacco cigarettes is rare and the use of hand rolled marijuana cigarettes is common, any reasonable man would have to conclude that the cigarettes probably contained marijuana. What of the situation today at Camp Pendleton, California? We have no evidence concerning the relative incidence of use there of hand rolled regular tobacco cigarettes versus hand rolled marijuana cigarettes. However, we are far from convinced, as yet, that the frequency of use of the latter now exceeds the frequency of use of the former. We hold that the sentry had no probable cause to apprehend appellant or to seize the suspected cigarettes. In view of our holding that Assignment of Error II has merit, we need not discuss Assignment of Error III. We will set aside the finding of guilty of Charge II and its specification and we will reassess the sentence.

## IV.

Assignment of Error IV requires very little discussion. We need only state that there is no basis in law for appellant's argument that a staff judge advocate, in his posttrial review, must describe the providency inquiry concerning those offenses to which an accused has pleaded guilty. Assignment of Error IV is without merit.

## V.

Appellant argues that his adjudged and approved bad conduct discharge is inappropriately severe. After setting aside the finding of guilty of possession of marijuana, we have closely and sympathetically examined the nature of the remaining offenses of which appellant stands convicted and have examined in detail appellant's overall military record. Appellant stands convicted of five separate unauthorized absences of relatively short duration and of wrongfully endeavoring to influence the testimony of a witness before a court-martial. In addition, appellant, prior to trial, had received nonjudicial punishment on five separate occasions for nine separate offenses. Despite extenuating circumstances connected with some of his offenses, his overall conduct has demonstrated a studied and consistent contempt for the law and for proper military authority. Upon reassessment of the sentence, as adjudged and approved below, we find it to be appropriate and not excessive.

Accordingly, the findings of guilty of Charge II and its specification are set aside. The remaining findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge MURRAY and Judge GREGORY concur.