UNITED STATES

v.

**Charles S. GRAHAM, 237 86 5660, Private (E–1), U. S. Marine Corps.**

**NCM 77 0291.**

U. S. Navy Court of Military Review.

29 July 1977.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT H. S. Pointer, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GREGORY, JJ.

BAUM, Judge:

Appellant, contrary to his pleas of not guilty, was convicted by special court-martial, judge alone, of unauthorized absence from 7 November 1974 to 18 February 1976, in violation of Article 86, UCMJ, 10 U.S. C. § 886. The sentence as approved below consists of a suspended bad conduct discharge, confinement at hard labor for three months, and forfeitures of $200 per month for three months. Appellant assigns as errors before this Court that the court-martial lacked jurisdiction over him, that he was denied his right to a speedy trial, and that the evidence of record is insufficient to prove unauthorized absence beyond a reasonable doubt.

I

*Jurisdiction*

■ At trial, appellant moved for dismissal of the Charge and specification for lack of jurisdiction, and before this Court he also argues lack of jurisdiction based on two theories. First, he asserts recruiter misconduct that renders the enlistment void under the rule expressed in *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975). Evidence submitted on this issue established that at the time he enlisted appellant was on supervised probation with five years suspended confinement for a civilian conviction of felonious larceny. Enlistment under such circumstances was clearly contrary to Marine regulations. Appellant testified that he informed his recruiter of the facts but that his recruiter told him that he, the recruiter, would take care of it and that appellant should not list the conviction on the enlistment forms since the conviction was as a juvenile. The Government called two recruiters who both

denied such wrongdoing. The standard of proof on the issue of jurisdiction when unauthorized absence is charged is proof beyond a reasonable doubt. *United States v. Spicer,* 3 M.J. 689 (N.C.M.R. 1977). Upon consideration of all the evidence presented on this issue, we are convinced beyond a reasonable doubt that there was no recruiter misconduct involved in the enlistment of appellant and that his enlistment, contrary to regulations, was effected through his intentional concealment of information that would have been disqualifying. Appellant's enlistment was therefore not void; it was, instead, voidable at the option of the Government. *In re Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); *United States v. Harris,* 3 M.J. 627 (N.C.M.R. 1977).

■ The second aspect of appellant's jurisdiction argument relates to action by Government authorities after his entry upon active duty. Appellant asserts that improper steps by Government officials after notice of his enlistment impediment estops the Government from relying on a theory of constructive enlistment, citing *United States v. Brown,* 23 U.S.C.M.A. 162, 49 C.M.R. 778 (1974) and *United States v. Marshall,* 3 M.J. 612 (N.C.M.R.1977).

Appellant testified at trial that he informed authorities during recruit training that he was on probation from a civilian conviction. As a result, appellant was processed for an administrative discharge pursuant to the Marine Corps Separation and Retirement Manual, MCO P1900.16. At his request, the discharge was suspended to give him the opportunity of remaining in the Marine Corps. He now asserts that authorities failed to follow their own regulation requiring processing for an honorable discharge instead of the general discharge he was processed for and that such failure, whether by intent or through negligence, constitutes misconduct that forecloses the Government from claiming a constructive enlistment. We reject this line of argument for several reasons. First, Paragraph 6018 of MCO P1900.16 does not make an honorable discharge mandatory. It states:

1. The Commandant of the Marine Corps and all Marine commanders exercising general-court martial jurisdiction may authorize or direct . . . the discharge of members by reason of misconduct. . . .

\*   \*   \*   \*   \*   \*

(d) If discharge is deemed proper in these cases, *it should normally be under honorable conditions,* unless the particular circumstances of the case clearly warrant a less favorable type of discharge. [Emphasis added].

Second, since we have determined that appellant's initial enlistment was voidable at the option of the Government, rather than void, the concept of constructive enlistment does not apply. The most common situation in which the constructive enlistment doctrine pertains is the underage enlistment. Enlistments below the minimum statutory age are void and mandate discharge if discovered by authorities before the legal age of enlistment is reached. *United States v. Blanton,* 7 U.S.C.M.A. 664, 23 C.M.R. 128 (1957). After attaining that age, however, the concept of constructive enlistment applies, contingent upon subsequent voluntary service and acceptance of benefits. *United States v. Graham,* 22 U.S.C.M.A. 75, 46 C.M.R. 75 (1972); *United States v. Overton,* 9 U.S.C.M.A. 684, 26 C.M.R. 464 (1958).

Under certain circumstances, however, the Government may be estopped from asserting constructive enlistment. Such was so in *United States v. Brown, supra,* where the inaction of a company commander, upon notification that one of his men was underage, was combined with the recruiter's failure to properly witness a parental consent form, thus prompting the court to deny the Government's assertion of constructive enlistment. In *Marshall, supra,* another panel of this Court extended the holding in *Brown* to encompass a situation involving enlistment with concealment of prior marijuana usage, a then non-waivable ground for enlistment disqualification.

In *Marshall,* the accused revealed his prior use of marijuana to a clerk in the Recruit

Training Regiment. The clerk entered the information on the accused's Personal History form, but nothing further was done. The court in *Marshall* held that there was no jurisdiction because the Government had an affirmative duty to discharge the accused and failing in this duty could not invoke a theory of constructive enlistment. Appellant asserts that the same result should follow in the instant case. As already pointed out, the concept of constructive enlistment is inapplicable to the present fact situation where the enlistment is voidable rather than void. In our view, it was also inapplicable in *Marshall*. Furthermore, the Marine regulation encountered here is the same as that in *Marshall* and it does not mandate discharge. Accordingly, failure to discharge the accused—or as argued here—to process him for an honorable discharge, was not improper and certainly not misconduct that would foreclose invoking the constructive enlistment doctrine, were it applicable. Accordingly, we reject both arguments by appellant with regard to jurisdiction and decline to accept the views expressed in *United States v. Marshall, supra*.

## II

### Spemdy Trial

■ Appellant asserts for the first time before this Court that he was denied a speedy trial. We deem this issue to have been affirmatively waived by appellant at trial and correctly so for there is no merit in the assertion. He was released from pretrial confinement on 13 May 1976, after 85 days incarceration, thus falling short of the ninety days required to trigger the rule in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), which would mandate dismissal. The first Article 39(a) session was held five days later on 18 May 1976. Thereafter, all further delays were at defense's behest. Accordingly, were the matter not waived, we would deny this assignment for the reason that the delay from 18 May 1976 to 15 September 1976 was defense induced.

## III

### Sufficiency of the Evidence

■ Appellant testified at trial that when his absence commenced on 7 November 1974, he thought he had authority to leave because a sergeant, who was Administrative Chief, told appellant to go home and that he would send his discharge with pay that was due him, after paperwork had been completed. Appellant argues that his belief that he was authorized to leave was both an honest and reasonable mistake; therefore, a complete defense to the alleged unauthorized absence. A mistake of fact may be a defense to the general intent offense of unauthorized absence if it is both honest and reasonable. *United States v. Scheunemann*, 14 U.S.C.M.A. 479, 34 C.M.R. 259 (1964); *United States v. Holder*, 7 U.S.C.M.A. 213, 22 C.M.R. 3 (1956). The Government offered no evidence to rebut the testimony of appellant, relying instead on that very same testimony to demonstrate that appellant's belief was not honest and reasonable.

■ Appellant's unrebutted testimony was that he had been told that his suspended general discharge was to be executed and that he had been left at Camp Lejeune for that purpose while the remainder of his unit had gone to California for training. After regularly inquiring about the status of his discharge, and pay which had been sent to California, he was finally told by the Administrative Chief to go home and await the receipt of his discharge and pay. According to appellant he got his gear together, stopped by the administrative office to tell the sergeant he was leaving, and then went home as directed. After a period of time when nothing was received, he started making inquiries and at about the tenth month of his absence, called the Marine Corps in Washington, D.C. and found out that he was considered an unauthorized absentee. (R. 111).

Paragraph 214, MCM, 1969 (Rev.) discusses special or affirmative defenses, such as mistake of fact, and in so doing states:

The burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the Government, both with respect to those elements of the offense which must be established in every case and with respect to issues involving special defenses which are raised by the evidence.

In our view, the Government has not satisfied this burden with respect to the commencement of the absence on 7 November 1974. We are not convinced beyond a reasonable doubt that appellant's belief that he had authority to go home was neither reasonable nor honest. However, at some point when appellant failed to receive his pay and a discharge as promised, his continued belief that his absence was authorized was unreasonable. Certainly, by the time he was informed ten months later, by 6 September 1975, that he was an unauthorized absentee, he was then fully aware that continued absence would be without authority and that he had a duty to return. Accordingly, the evidence of record convinces us beyond a reasonable doubt that appellant is guilty of the lesser included period of unauthorized absence from 6 September 1975 to 18 February 1976. *See United States v. Harris,* 21 U.S.C.M.A. 590, 45 C.M.R. 364 (1972) with regard to establishment of a different inception date of unauthorized absence. We will reassess the sentence in light of the lesser offense.

Only so much of the findings of guilty approved below as finds that the appellant absented himself without proper authority from 6 September 1975 until 18 February 1976 is affirmed. After reassessment, only so much of the sentence approved below as provides for a bad conduct discharge, suspended for one year, confinement at hard labor for two months, and forfeitures of $200 per month for two months is affirmed.

Chief Judge CEDARBURG concurs.

GREGORY, Judge (concurring):

The principal opinion declines to follow the reasoning of *United States v. Marshall,* 3 M.J. 612 (N.C.M.R.1977), a decision in which I concurred. The factual situation in *Mar-*

*shall* is quite similar to that existing in the instant case in that a defect which would have precluded enlistment was discovered by an agent of the Government early in the appellant's recruit training. The only significant difference appears to be that in *Marshall* the Government agent receiving the information failed to take appropriate action and steps were never commenced toward possible administrative separation of the service member.

Upon further consideration of the basic issue found in both *Marshall* and this case, I conclude that, in the absence of recruiter misconduct, the enlistments in these cases should be viewed not as void but rather as voidable at the option of the Government. For this reason, I must agree that my previous views in *Marshall* were incorrect.

I concur in the resolution of the remaining assignments of error and join in the disposition directed by the principal opinion.