## UNITED STATES

### v.

## Paul D. LOCKE, 407 80 8761, Private (E–1), U. S. Marine Corps.

### NCM 77 1519.

U. S. Navy Court of Military Review.

Sentence Adjudged 2 May 1977.

Decided 22 Dec. 1977.

---

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

The accused was convicted by special court-martial, in accordance with pleas of guilty entered pursuant to pretrial agreement, of an unauthorized absence of 103 days, in violation of Article 86, UCMJ, 10 U.S.C. § 886. The sentence as approved by prior reviewing authorities includes a suspended bad conduct discharge. On appeal, the accused renews his contention that the court-martial which tried him lacked jurisdiction over his person because he was ineligible to enlist absent a waiver, from the Commandant of the Marine Corps, of a

juvenile conviction for a felony-type offense. In the absence of evidence of willful misconduct amounting to a violation of the fraudulent enlistment statute by Government agents smoothing the enlistment path for the accused and of a nonwaivable bar to his enlistment, we conclude that fairness does not preclude the Government from relying on a constructive enlistment and find *in personam* jurisdiction on this basis. Therefore, we affirm the findings and sentence, modifying the probationary period to resolve an ambiguity in the pretrial agreement.

### Jurisdiction

Prior to his enlistment, the accused had been the subject of an adverse juvenile adjudication for a felony-type offense and committed to a juvenile treatment center, where he remained for about 1 year. He enlisted in the Marine Corps about 18 months after his release from the center. The accused testified that he advised the recruiter of his record, which included the felony-type offense and several misdemeanors. The NAVMC 136 form signed by the accused and the recruiter revealed two misdemeanors, which did not result in adverse determinations, and the felony-type offense.

Pertinent regulations at the time of the accused's enlistment provided that an applicant who had been the subject of an adverse juvenile adjudication for a felony was not eligible for enlistment without prior approval from the Commandant of the Marine Corps.

The recruiter testified that he could not recall the accused's enlistment specifically, but that, if he had an applicant with a record similar to that on the accused's NAVMC 136, he would turn it over to the Sergeant Major who would handle the paperwork.

When the issue is raised in a prosecution under Article 86, the burden of proof of *in personam* jurisdiction is "beyond a reasonable doubt." *United States v. Spi-*

*cer*, 3 M.J. 689 (N.C.M.R.1977). The necessary predicate for *in personam* court-martial jurisdiction is the military status of the accused. The prerequisite to effect a change in status from civilian to military is a valid enlistment contract or a legitimate constructive enlistment. *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975). In this case, appellant, who, without a waiver was ineligible for enlistment, was enlisted contrary to regulations. Therefore, his enlistment was invalid and did not effect a change in status. *Cf. United States v. Russo, supra.* The issue in this case is whether the Government may rely on a constructive enlistment as the basis for court-martial jurisdiction. The governing principle of law is that fairness may prevent the Government from relying upon a constructive enlistment as a jurisdictional base where the Government agents acted improperly in securing an individual's enlistment. *See United States v. Russo, supra.* This principle is applicable in cases in which Government agents, through willful misconduct, smoothed the enlistment path for ineligibles, *United States v. Russo, supra*, and *United States v. Catlow*, 23 U.S. C.M.A. 142, 48 C.M.R. 758 (1974), or rendered a determination of eligibility meaningless, *United States v. Little*, 24 U.S.C. M.A. 328, 52 C.M.R. 39, 1 M.J. 476 (1976).

This Court has held that such misconduct must amount to a violation of Article 84, Uniform Code of Military Justice, the fraudulent enlistment statute, which prohibits any person from effecting an enlistment of any individual known to him to be ineligible for enlistment because it is prohibited by law, regulation, or order. *United States v. Harrison*, 3 M.J. 1020 (N.C. M.R.1977). The Government also may be precluded from predicating jurisdiction on a constructive enlistment in cases in which its agents, through negligence, smoothed the enlistment path for an ineligible, if a nonwaivable bar to enlistment subsists. *United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974).[1]

---

1. In *United States v. Brown, supra*, the Government agent's negligence involved a knowing violation of regulations.

Negligence of Government agents, standing alone, will not prevent the Government from relying on a constructive enlistment, in the absence of a nonwaivable bar to enlistment. The strong public policy which militates against permitting the Government to assert jurisdiction on the basis of a constructive enlistment when an accused's entry into the service has been procured by willful criminal conduct of Government agents is absent in the cases in which Government negligence has resulted in the entry of an ineligible. The policy underlying a nonwaivable bar to enlistment may be strong enough to preclude assertion of jurisdiction on the basis of a constructive enlistment as long as the bar exists.[2] *But see United States v. Harrison, supra.* We do not subscribe to the view espoused in *United States v. Harrison, supra*, that the only recruiter misconduct which will preclude the Government from relying on a constructive enlistment is misconduct amounting to a violation of Article 84, to the extent that *Harrison* permits *carte blanche* reliance on a constructive enlistment when a nonwaivable bar to enlistment subsists.[3] We do not agree that *Russo* stands for this proposition. In light of *Brown*, the language in *Russo*, to the effect that the change of status from civilian to soldier cannot occur if an enlistment results from recruiter misconduct amounting to a violation of Article 84, is illustrative of a situation in which jurisdiction may not be predicated on a constructive enlistment; it does not encompass every situation. In view of the strong public policy which dictates that offenders be brought before the bar of justice, only a stronger countervailing policy will prevent the Government from basing jurisdiction on a constructive enlistment. The policy against reliance on criminal conduct of Government agents is such a policy. The policies underlying various nonwaivable bars to enlistment may be such policies. Therefore, we hold that, in the absence of a

subsisting nonwaivable bar to enlistment, only a violation of Article 84 will preclude Government reliance on a constructive enlistment as a predicate for jurisdiction.

In this case, in the absence of an absolute, nonwaivable bar to enlistment, the Government may show a legitimate constructive enlistment unless the actions of the agents of the Government constituted a violation of Article 84.

The cases relied upon by the accused in his summary assignment of error are inapposite, although this Court found in those cases that the Government had not sustained its burden of proving jurisdiction. In *United States v. Holloway*, No. 77 0159 (N.C.M.R. 2 August 1977) and *United States v. Senger*, No. 76 1638 (N.C.M.R. 16 September 1976), the records indicated willful misconduct by the recruiters in knowingly enlisting disqualified applicants. In *United States v. Skryp*, No. 77 0680 (N.C.M.R. 25 July 1977), the record indicated recruiter negligence resulting in the enlistment of an ineligible, subsequent failure to comply with regulations implementing the policy underlying a statutory disqualification, and inability of the Government to show a constructive enlistment after the nonwaivable disqualification had been removed.

There is no evidence of any deliberate attempt to conceal the accused's juvenile record in this case. We conclude that the record reveals a negligent, vice an intentional, failure to obtain the necessary waivers of the accused's disqualification. The record also establishes the elements of a constructive enlistment; that is, the voluntary performance of military duties and the acceptance of benefits. *See United States v. Harrison, supra*. Therefore, we find that the Government sustained its burden of proving *in personam* jurisdiction over the accused.

---

2. This was the apparent basis for the decisions in *United States v. Walley*, No. 76 1001 (N.C.M.R. 15 September 1976) and *United States v. Johnson*, No. 76 0332 (N.C.M.R. 12 August 1976).

3. This view has been reiterated in *United States v. Wiggins*, No. 77 0320 (N.C.M.R. 21 October 1977) and *United States v. Fenebock*, No. 77 1186 (N.C.M.R. 2 December 1977).

*Pretrial Agreement*

Neither the pretrial agreement itself nor the trial judge's inquiry into its terms indicate whether the probationary period commences on the date of trial or on the date of the convening authority's action. The convening authority suspended the discharge, commencing the probationary period on the date of his action. We shall resolve the ambiguity by reducing the probationary period.

The findings of guilty and so much of the sentence approved on review below as provides for a bad conduct discharge probationally suspended until 1 May 1978 or the expiration of the accused's enlistment as extended, whichever is sooner, confinement at hard labor for 4 months, and forfeiture of $240 per month for 4 months are affirmed.

Judge GRANGER concurs.

Senior Judge NEWTON (absent).