**UNITED STATES**

v.

**Kenneth G. WASHINGTON, 277 58 9133, Seaman (E–3), U. S. Navy.**

**NCM 77 2161.**

U. S. Navy Court of Military Review.

Sentence Adjudged 10 May 1977.

Decided 14 July 1978.

LT Michael F. Fink, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

ROOT, Judge:

The sole assignment of error in this case is an averment that the court-martial lacked personal jurisdiction of the appellant because of recruiter misconduct. As authority for this proposition, appellant relies on *United States v. Guzman*, 3 M.J. 740 (N.C.M.R.1977), *pet. denied*, 3 M.J. 479 (C.M.A.1977), *rev'd per curiam*, 4 M.J. 115 (C.M.A.1977).

I.

In order to understand this assignment of error, it is well to understand what occurred in *Guzman*. Guzman was tried on 18 November 1976 and convicted on certain charges, the nature of which are not pertinent to this discussion. The sentence involved a bad-conduct discharge and was reviewed by the Navy Court of Military Review on 6 June 1977. This Court set aside the findings of guilty of Charge II and its specification and affirmed the remainder. No issue of recruiter misconduct or lack of jurisdiction was presented to the Court at that time, nor was any such issue litigated during the trial. Appellant petitioned the Court of Military Appeals for review on the issue of recruiter misconduct, *inter alia*. The Court of Military Appeals denied this petition on 22 September 1977, and, upon petition for reconsideration, made a summary disposition of the matter on 10 November 1977, which is further detailed *infra*. While Guzman's case was in the review process, he was again tried by special court-martial on 7 July 1977. At this subsequent trial, Guzman was again convicted of offenses against the Uniform Code of Military Justice, but, apparently, the issue of recruiter misconduct was litigated and decided adversely to Guzman. However, the convening authority, in his action of 8 September 1977, made the following disposition of the case:

> In the foregoing case of Private Steve A. GUZMAN 548 13 85 45 U.S. Marine Corps, tried by special court-martial on 16, 21, 23, and 29 June and 6 and 7 July 1977, it appears from the record of trial (testimony of the accused and Staff Sergeant Alfred J. RYDER, U.S. Marine Corps, and Prosecution Exhibit 3) that agents for the Marine Corps were aware that Private GUZMAN had admitted to the use of drugs. Since he was enlisted in the face of such knowledge and no waiver or other appropriate action was taken, Private GUZMAN's enlistment violates paragraph 2110 of the Military Personnel Procurement Manual and is void. In view of the cases of *U. S. v. RUSSO*, 23 U.S.C.M.A. 511, 50 C.M.R. 650 (1975) and *U. S. v. MARSHALL*, 3 M.J. 612 (N.C.M.R., 1977) the court had no jurisdiction over the person of the accused. The findings of guilty and the sentence are disapproved.

In making its summary disposition of the *Guzman* case on 10 November 1977, the Court of Military Appeals held:

> The convening authority on September 8, 1977, when reviewing a conviction of appellant by a special court-martial that occurred in June and July 1977, determined that appellant's enlistment was void because of misconduct by the recruiter. *United States v. Russo*, 23 U.S. C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975); *United States v. Marshall*, 3 M.J. 612 (N.C.M.R., 1977). As a consequence, the convening authority found that the court-martial was without jurisdiction over the person of the appellant.
>
> The determination of the convening authority is *res judicata* as to the parties to the conviction now under review. Accordingly, the findings and sentence are set aside and the charges are dismissed. 4 M.J. 115 (1977).

II.

■ In the case presently under consideration, which was tried on 26 April, and 5, 6

and 10 May 1977, the appellant was tried *in absentia* because of his unauthorized absence after arraignment. Trial defense counsel moved to dismiss the charge and specifications alleging that the court lacked jurisdiction over the person of the accused due to recruiter misconduct in enlisting the appellant. In furtherance of this motion, trial defense counsel introduced Appellate Exhibit III. Appellate Exhibit III is a form from the Department of Public Safety, Division of Police, City of Toledo, Ohio, showing that one Kenneth Gregory Washington was arrested in Toledo on 25 September 1973 on a charge of receiving stolen property. A supplement to that form, also a part of Appellate Exhibit III, showed that Washington was sentenced to 30 days in the Toledo House of Correction, with 27 of the days suspended. This occurred on 3 October 1973. Appellate Exhibit IV, introduced by trial counsel, is a copy of an enlistment contract for Kenneth Gregory Washington showing a date of enlistment of 24 May 1974. The enlistment contract reflects Washington's home of record to be Saginaw, Michigan, and the place of enlistment was Saginaw, Michigan. No other evidence was presented concerning this enlistment process, except that the military judge, in accordance with a request by trial defense counsel, took judicial notice of COMNAVCRUITCOMINST 1130.8. Trial defense counsel then argued that since, at the time of enlistment, the appellant had a prior record of receiving stolen property, then the absence of a waiver demonstrated recruiter misconduct. In denying the motion, the trial judge noted that the prior offense of appellant was in Toledo, Ohio, whereas the enlistment took place in Saginaw, Michigan. Unless the recruiter has specific knowledge of an offense committed by an enlistee in another state, the usual police checks would only cover the local area around the recorded home of the enlistee, which was shown here to be Saginaw, Michigan. It is pertinent to note that the appellant was not disqualified from enlisting. Had the recruiter been aware of the prior conviction, a waiver could have been obtained under the regulations. The evidence of record does not properly establish any recruiter misconduct under the circumstances in this case, and the motion was properly denied.

At another special court-martial of the appellant, tried subsequently on 12 December 1977, and 10 and 16 January 1978, the issue of recruiter misconduct was relitigated, and, in that case, the military judge ruled that the Government lacked jurisdiction over the accused because of a void enlistment.

Appellant now urges that, on the basis of *United States v. Guzman, supra,* the subsequent determination by a military judge at a different court-martial operates as *res judicata* in. this case. On the other hand, appellate Government counsel argues that this would be an incorrect application of the principle of *res judicata.* We concur in the latter view.

### III.

■ The *Manual for Courts-Martial, United States,* 1969 (Revised edition) provides the following discussion of *res judicata:*

> The doctrine of res judicata provides that a matter put in issue and finally determined by a court of competent jurisdiction cannot be disputed between the same parties in a *subsequent* trial . . . . In criminal trials, the doctrine of res judicata precludes the prosecution from relitigating a matter determined in the accused's favor by a *previous* final judgment or ruling, whether the present trial is for the same or a different offense and whether the previous proceeding culminated in an acquittal, a conviction, or otherwise. The accused may invoke the doctrine by asserting a motion to dismiss on the basis of a matter finally determined in his favor at a *previous* trial . . . . Paragraph 71*b.* [Emphasis supplied].

In *United States v. Smith,* 4 U.S.C.M.A. 369, 15 C.M.R. 369 (1954), Judge Latimer, speaking for a divided Court of Military Appeals, held:

As normally used, res judicata once referred to the doctrine that "a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties." *Frank v. Mangum*, 237 U.S. 309, 334, 35 S.Ct. 582, 50 L.Ed. 969, 983 (1915); *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 18 S.Ct. 18, 48, 42 L.Ed. 355, 377 (1897); 2 Freeman, Judgments, 5th ed. § 648. Presently, however, the same doctrine has been designated by various jurisdictions and authors, "estoppel by judgment," *Spence v. Erwin*, 200 Ga. 672, 673, 38 S.E.2d 394, 395 (1946); "estoppel by verdict," *Wolfson v. Northern States Management Co.*, 221 Minn. 474, 477, 22 N.W.2d 545, 547 (1946); and "collateral estoppel," The Restatement of the Law of Judgments, The American Law Institute, 1942, § 68, Comment *a*. The Restatement defines collateral estoppel as that aspect of res judicata concerned with the effect of a final judgment on subsequent litigation of a different cause of action involving some of the same issues determined in the initial action. *In all these usages there is involved but one theory, the effect to be given a prior determination.* At pp. 371–372 [Emphasis supplied].

Thus, it can be seen that the doctrine of *res judicata* is only properly applied in a context of a prior adjudication, not an adjudication which occurs at a time subsequent to the matter under consideration.

Under the circumstances in which the Court of Military Appeals decided *Guzman*, it is entirely possible that the Court did not fully appreciate the fact that the determination of the convening authority on 8 September 1977 was made subsequent to the holding of the military judge in the first *Guzman* court-martial on 18 November 1976.

It is therefore our conclusion that the doctrine of *res judicata* does not apply in this case and we hold that the assignment of error is without merit.

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge GREGORY concur.