**UNITED STATES**

v.

**Shannon W. McGOWAN, 285 52 6591,
Fireman Recruit (E–1), U. S. Navy.**

**NCM 78 0518.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 April 1977.

Decided 23 Aug. 1978.

LCDR William C. Henderson, JAGC, USN, Appellate Defense Counsel.

CDR Joseph W. Hungate, JAGC, USNR–R, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

PER CURIAM:

Contrary to his pleas before a special court-martial bench trial, appellant was convicted of two specifications of unauthorized absence, in violation of Article 86 of the Uniform Code of Military Justice, 10 U.S.C. § 886.

On appeal, it is alleged that the military judge improperly denied appellant's motion to dismiss for lack of *in personam* jurisdiction. As a supplementary assignment of error, appellant avers denial of speedy review of his trial. We do not concur in either assignment, and affirm.

When the military judge denied the motion to dismiss for want of jurisdiction, he supported his decision by entering special findings of fact. These reveal no recruiter misconduct, but do acknowledge disclosure by appellant, while at boot camp, of information which would show he did not meet the requirements for entry into the Navy. Specifically, the military judge found that, while appellant did not inform his recruiter, appellant did disclose at boot camp that he had used drugs in the past, that a waiver

was required by applicable recruiting regulations then in effect for drug abuse and that none was obtained, and that the appellant had used narcotics and LSD within one year prior to the enlistment examination, which, under applicable regulations, would prohibit acceptance of appellant into the Navy. Appellant stated in his enlistment application that he had not previously used illicit drugs. The military judge concluded by finding that the enlistment contract was voidable by the Government and that there was a constructive enlistment.

 Appellant argues that the principles of equity set forth in *United States v. Brown,* 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974) and *United States v. Marshall,* 3 M.J. 612 (N.C.M.R.1977) should have precluded the conclusion reached by the trial judge. We agree with the military judge that the enlistment contract was voidable by the Government and, therefore, find that the motion was properly denied. The issue of constructive enlistment is inapplicable to the present case, where the enlistment is voidable rather than void.

The case of *United States v. Brown, supra,* concerned facts which prevented the Government from resting on a constructive enlistment as a jurisdictional base. Enlistment below the minimum statutory age is void; however, after the recruit reaches the requisite age and continues voluntarily to serve and accept benefits, the concept of constructive enlistment applies and the recruit may no longer assert the initially void enlistment as a bar to jurisdiction. *United States v. Graham,* 22 U.S.C.M.A. 75, 46 C.M.R. 75 (1972); *United States v. Overton,* 9 U.S.C.M.A. 684, 26 C.M.R. 464 (1958). In *United States v. Brown, supra,* the Court of Military Appeals did not permit a finding of constructive enlistment where the inaction of Brown's company commander, after notification that the recruit was underage, combined with a related impropriety in Brown's recruitment. Brown's recruiter had failed to comply with applicable recruiting regulations requiring the proper witnessing of

parental consent for those under eighteen years of age.

In *United States v. Marshall, supra,* the evidence showed that, while he was at recruit training, Marshall informed a clerk in the Recruit Training Regiment that he had been using marijuana frequently prior to his enlistment until "the present." The clerk made an appropriate entry in Marshall's service record. However, although under applicable regulations then in force such marijuana usage constituted a non-waivable disqualification from enlistment, no action was taken with regard to Marshall's disclosure. Relying on *United States v. Brown, supra,* this Court reasoned that, because the applicable recruiting regulations did not provide the possibility of a waiver for marijuana use, the enlistment by a marijuana user, as the underage enlistment in *Brown,* would constitute a void enlistment. The Court went on to hold that, because the Government was put on timely notice of Marshall's non-waivable disqualification for service, because Marshall had not rendered any substantial service or received any benefits at the time he gave notice, and because the Government had an affirmative duty to act upon such notice and did not, the Government was then precluded from invoking constructive enlistment.

In *United States v. Brown, supra,* the accused's underage enlistment was statutorily prohibited. 10 U.S.C. § 3256. As such, it was void. *United States v. Blanton,* 7 U.S.C.M.A. 664, 23 C.M.R. 128 (1957). The volition necessary to effect an enlistment was denied by a statutorily imposed minimum age, although subsequent to reaching the requisite age, an individual could effect a constructive enlistment. *United States v. Graham, supra.* In *United States v. Catlow,* 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974), an applicable regulation prevented the enlistment of the accused. The Court of Military Appeals found the enlistment void, however, because the circumstances which compelled Catlow's entry into the military, effectively the order of a civilian

court, denied the volition necessary for an enlistment. The Court of Military Appeals also found void the enlistment in *United States v. Russo,* 1 M.J. 134 (C.M.A.1975), holding that an enlistment may be void as contrary to public policy where recruiter misconduct amounts to a violation of the fraudulent enlistment statute, Article 84, Uniform Code of Military Justice.

The fact that an accused possesses a non-waivable impediment to enlistment does not, in itself, make that enlistment void. *United States v. Lightfoot,* 4 M.J. 262, 263 n. 3 (C.M.A.1978). In the circumstances of the instant case, which are similar to those found in *United States v. Marshall, supra,* we find that although the appellant possessed a non-waivable defect, and so informed the Government subsequent to his enlistment, his enlistment is not void.[1] Whether a service recruiting regulation deems an enlistment defect waivable or non-waivable is not determinative. Rather, an enlistment may be found void when it is shown to be an involuntary enlistment,[2] whether by statute, as in *Brown* and *Blanton,* both *supra,* or as the result of factual compulsion, as in *Catlow, supra,* or when it is shown that the enlistment is contrary to public policy because of recruiter misconduct which amounts to a violation of the fraudulent enlistment statute.[3] Because we conclude that the enlistment in *United States v. Marshall, supra,* was not void, we specifically reject and do

not follow that decision.[4] We believe it was wrongly decided.

The appellant's enlistment in this case was not void; it was, instead, voidable at the option of the Government. *In re Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); *United States v. Harris,* 3 M.J. 627 (N.C.M.R.1977); *United States v. Graham,* 3 M.J. 962 (N.C.M.R.1977). As the issue of constructive enlistment is pertinent to void enlistments, and not voidable ones, the finding of fact with regard to constructive enlistment in this case is irrelevant to our decision. *United States v. Graham,* 3 M.J. 962, *supra.* Since the military did not choose to terminate the enlistment of appellant, *in personam* jurisdiction was retained.

Appellant's trial was completed on 29 April 1977, the convening authority approved his sentence on 26 May 1977, and the supervisory authority approved the sentence on 14 March 1978. Although a presumption of speedy review does not arise in this case because there was not 90-days continuous confinement (*Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *United States v. Brewer,* 24 U.S.C.M.A. 47, 51 C.M.R. 141, 1 M.J. 233 (1975)), appellant nonetheless submits that due to the nearly 11-month post-trial review, appellant has been prejudiced by forestalling ". . . his reasonable right to terminate his military career pursuant to government regulations and get on with his civilian life." Appellant also notes that he

---

1. *See United States v. Graham,* 3 M.J. 962, 964 (N.C.M.R.1977).

2. *See* Cooke, The United States Court of Military Appeals, 1975–1977 . . ., 76 Mil.L.R. 43, 124 n. 320 (1977).

3. "In the wake of *Russo* and its progeny, *United States v. Burden,* 23 U.S.C.M.A. 510, 50 C.M.R. 649, 1 M.J. 89 (1975), *United States v. Muniz,* 23 U.S.C.M.A. 530, 50 C.M.R. 669, 1 M.J. 151 (1975) and *United States v. Little,* 1 M.J. 476 (1976), there can be no mistaking the fact that the only recruiter misconduct which, as a matter of law, is so repugnant to public policy that it is incapable of resulting in an enlistment (constructive or otherwise) which is anything but an absolute nullity for military justice purposes

is misconduct which subjects the recruiter to prosecution under Article 84, UCMJ." *United States v. Harrison,* 3 M.J. 1020, 1025 (N.C.M.R.1977).

4. *United States v. Marshall* was earlier rejected in *United States v. Graham,* 3 M.J. 962, 965 (N.C.M.R.1977). We also reject the *dicta* contained in *United States v. Locke,* 4 M.J. 714 (N.C.M.R.1977), which appears to equate the statutorily involuntary enlistment in *United States v. Brown, supra,* with a "subsisting non-waivable bar to enlistment," insofar as that bar may be other than one which is statutorily imposed and which affects the volition of the recruit.

would be prejudiced in the event of a rehearing.

We note that the appellant absented himself from military service during the course of his trial and remained absent until 21 January 1978. Considering the lower priority which may reasonably be assigned the review of the trial of an unauthorized absentee over one serving confinement, we find the delay under the circumstances presented in this case, while excessive and unfortunate, was neither unreasonable nor prejudicial to the substantial rights of appellant.

Accordingly, the findings and sentence in this case are affirmed.